UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEAN DORVAL,** | Civil Action No. 14-3271 (FLW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **ABU AHSAN, IHUOMA NWACHUKWA AND DONIQUE IVERY** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Jean Dorval's ("Plaintiff") motion for an extension of time to file Affidavits of Merit. (Docket Entry No. 43). Defendants Abu Ahsan, Ihuoma Nwachukwa and Donique Ivery oppose Plaintiff's motion. (Docket Entry No. 44). The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On May 22, 2014, Plaintiff filed a complaint against Abu Ahsan, Ihuoma Nwachukwa, Donique Ivery, UMDNJ (UCHC) and New Jersey Department of Corrections alleging violations of the Eighth Amendment and claims of Deliberate Indifference. (Docket Entry No. 1). Plaintiff alleges that he was denied required medical treatment to prevent further damage to a spinal injury that he sustained while unloading boxes during his assigned work detail. On May 30, 2014, after a *sua sponte* screening of the complaint, the District Court dismissed the claims against UMDNJ (UCHC) and New Jersey Department of Corrections. (Docket Entry No. 2). On January 12, 2015, Defendants filed a motion to dismiss Plaintiff's claims of medical and nursing

malpractice for failure to provide an affidavit of merit (Docket Entry No. 19) which was subsequently denied without prejudice by the District Court on August 3, 2015 (Docket Entry No. 30). Defendants then filed a motion for partial summary judgment on September 11, 2015 (Docket Entry No. 34), which was denied without prejudice by the District Court on April 28, 2016 (Docket Entry Nos. 39 and 40). The District Court ordered that *pro bono* counsel be appointed with the limited purpose of determining whether Plaintiff can obtain affidavits of merit and extended the time for filing the affidavits of merit for 60 days from the date *pro bono* counsel was assigned. (Docket Entry No. 40). *Pro bono* counsel was assigned on August 29, 2016 making the affidavits of merit due on October 28, 2016. On October 25, 2016, Plaintiff filed the instant motion.

Plaintiff is requesting an additional ninety days to determine whether Plaintiff can obtain the necessary affidavits of merit. (Pl.'s Br. in Supp. of Mot. at 2). Plaintiff's counsel, Vincent P. Rao II (Mr. Rao) states that around the time of his appointment as pro bono counsel, he was diagnosed with a serious medical condition that required immediate surgical intervention. (Id. at 1). Mr. Rao underwent surgery on September 12, 2016 and returned to work full time on October 10, 2016. (Id.) Plaintiff argues that Mr. Rao has been "incapacitated for almost the full amount of time initially allotted by this Court to complete the task of determining whether Plaintiff may obtain Affidavits of Merit." (Pl.'s Reply Br. at 2). Plaintiff argues that it is irrelevant that it has obtained extensions in the past as this is Mr. Rao's first request for an extension. (Id.) Plaintiff further argues that Mr. Rao's request for an extension is based on good cause. (Id.) Plaintiff notes that the request for a ninety day extension is "not for the purposes of undue delay or harassment, but rather, to allow Plaintiff…to properly address the task assigned by this Court." (Id.)

Defendants argues that "they have already been prejudiced by being required to litigate a meritless case for more than two years." (Defs.' Br. in Opp. at 1).  Defendant further argues that to grant another extension would unnecessarily delay the case.  (Id.)

## II. ANALYSIS

### A. STANDARD OF REVIEW

In professional malpractice actions plaintiffs are required to provide an affidavit from an appropriate licensed professional attesting to the merit of plaintiff's claims. *Palanque v. Lambert Wooley*, 168 N.J. 398, 404 (2001).  This requirement was intended by the Legislature to curtail frivolous litigation without preventing access to the courts for meritorious claims. (Id.) The Affidavit of Merit Statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

*N.J.S.A.* 2A:53A-27.

A plaintiff's failure to serve an appropriate Affidavit of Merit within the 120 days of the filing of the answer is considered tantamount to the failure to state a cause of action, subjecting the complaint to dismissal.  *See N.J.S.A.* 2A:53A-29.

### B. DISCUSSION

Plaintiff seeks permission to extend the time for serving an Affidavit of Merit for an additional 90 days.  Defendants assert that Plaintiff's motion for an extension to serve the

Affidavit of Merits should be denied because it seeks an extension beyond the 120-day maximum limit. The Court agrees.

Pursuant to *N.J.S.A.* 2A:53A-27 plaintiffs in medical malpractice actions are required to provide the defendant, within 60 days of the filing of defendant's answer, an affidavit of "an appropriate licensed person that there exists a reasonable probability" that the care that is the subject of the action falls outside the accepted professional standard. *N.J.S.A.* 2A:53-27. One additional 60-day extension may be granted upon a finding of good cause. (Id.) As noted by the New Jersey Appellate Division in *Familia v. University Hosp. of University of Medicine and Dentistry of New Jersey*, 350 N.J. Super. 563, 569 (App. Div. 2002), it is "significant that the statute speaks of granting 'no more than one additional period,' rather than in terms of "no more than one additional extension.' *N.J.S.A.* 2A:53A-27. We construe the language 'one additional period' to indicate that the concern of the Legislature was to set an outer time limit of one hundred twenty days, beyond which no extension could be granted, rather than to limit the number of times an extension could be sought." As the New Jersey Supreme Court forewarned in *Ferreira v. Rancocas Orthopedic Assocs.,* 178 N.J. 144 (2003):

> If defense counsel files a motion to dismiss after the 120-day deadline and before plaintiff has forwarded the affidavit, the plaintiff should expect that the complaint will be dismissed with prejudice. *Id.* at 154.

Thus, this 120-day period has been deemed a "drop-dead" date with which a plaintiff must serve an appropriate Affidavit of Merit. *See Douglass v. Obade*, 359 N.J. Super. 159 (App. Div. 2003).

In the matter at hand, Plaintiff failed to serve the required Affidavits of Merit within 120 days of Defendants' Answers being filed. Moreover, while the Court is sympathetic to Plaintiff's counsel's medical condition, it does not constitute an extraordinary circumstance

4

warranting an extension. The Court notes that even if the motion is granted, the ninety days that Plaintiff requests has already elapsed.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for an extension of time to file Affidavits of Merit is DENIED. An appropriate Order follows.

Dated: January 30, 2017

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

.