# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JEAN DORVAL,

    Plaintiff,

v.

ABU AHSAN et al.,

    Defendants.

Civ. No. 14-3271 (FLW) (TJB)

**OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Jean Dorval ("Dorval"), is a state prisoner, presently incarcerated at East Jersey State Prison, in Rahway, New Jersey. He is proceeding with a civil rights complaint filed under 42 U.S.C. § 1983. Presently before the Court is a motion by defendants, Abu Ahsan, Donique Ivery, and Ihuoma Nwachukwu (collectively, "Defendants") for partial summary judgment to dismiss Dorval's state law claims for medical negligence. (ECF No. 63.) For the following reasons, the motion is GRANTED.

## II.    BACKGROUND

The Complaint alleges that Defendants, who treated Dorval while he was previously incarcerated at New Jersey State Prison, were deliberately indifferent to his serious medical needs, specifically by refusing to provide him vitamins B1 and B6, which he was prescribed following back surgery, and by delaying his follow-up treatment. (Compl., ECF No. 1, ¶¶ 9–20.) Dorval claims that these failures necessitated a second back surgery and resulted in permanent

nerve damage. (*Id.* ¶¶ 21, 53.) In addition to his federal claims, Dorval alleges that Defendants' acts also constituted medical negligence.[1] (*See id.* ¶¶ 32–47.)

Since early in this proceeding, Defendants have sought dismissal of Dorval's medical-negligence claims based on his failure to produce an affidavit of merit under New Jersey Statutes Annotated § 2A:53A-27. On January 12, 2015, Defendants filed a motion to dismiss the medical-negligence claims on this basis under Federal Rule of Civil Procedure 12(b)(6), noting that over 120 days had elapsed since they had filed answers demanding that Dorval produce such an affidavit. (ECF No. 19.) Though unopposed, the Court denied Defendants' motion without prejudice on August 3, 2015, finding, under *Nuveen Municipal Trust ex rel. Nuveen High Yield Municipal Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012), *certifying questions to* 213 N.J. 527 (2013), that the failure to produce an affidavit merit is properly raised in a motion for summary judgment under Federal Rule of Civil Procedure 56, not a motion to dismiss for failure to state a claim under Rule 12(b)(6). (ECF No. 30.)

Defendants subsequently filed a first motion for partial summary judgment, on September 11, 2015. (ECF No. 34.) Although Dorval responded to this motion, he did not address any of the pertinent legal issues. (*See* ECF No. 36.) The Court, in assessing this motion, noted that Dorval had twice previously applied for the appointment of pro bono counsel and that he then appeared "unable to effectively litigate the affidavit of merit issues without the assistance of appointed pro bono counsel." (*See* Op., ECF No. 39, at 6–7.) Accordingly, the Court denied Defendants' motion, ordered that Dorval receive appointed pro bono counsel for the limited purpose of helping to obtain an affidavit of merit, and, finding extraordinary circumstances,

---

[1] Dorval's Complaint also listed as defendants "UMDNJ (UCHC)" (the University of Medicine and Dentistry of New Jersey, University Correctional Health Care) and "NJDOC" (the New Jersey Department of Corrections). The Court dismissed the claims against these entities upon an initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (*See* Order, ECF No. 2.)

extended Dorval's time to produce such an affidavit until sixty days after the assignment of counsel. (*Id.* at 6–10; Order, ECF No. 40.)

Dorval was assigned pro bono counsel on August 29, 2016. (ECF No. 41.) On October 25, 2016, Dorval's counsel filed a motion for a ninety-day extension of time to obtain an affidavit of merit. (ECF No. 43.) Defendants opposed any extension. (ECF No. 44.) On January 30, 2017, Magistrate Judge Tonianne J. Bongiovanni denied the motion for an extension of time. (ECF No. 46.) Shortly thereafter, Dorval was again deemed to be proceeding *pro se*. (ECF No. 49.)

On March 17, 2017, Defendants filed a motion seeking dismissal of both the medical-negligence claims and the deliberate-indifference claims. (ECF No. 52.) The Court denied this motion without prejudice, noting, as it had previously, that arguments concerning a plaintiff's failure to produce an affidavit of merit must be asserted in a motion for summary judgment, and finding that Defendants had failed to file a proper summary-judgment motion under Rule 56. (ECF No. 56.)

Defendants then filed a second motion seeking dismissal of the medical-negligence claims and the deliberate-indifference claims. (ECF No. 57.) On December 7, 2017, the Court denied this motion, finding that Defendants had again failed to file a proper summary-judgment motion under Rule 56. (ECF No. 62.) The Court gave Defendants fourteen days to file a proper motion for summary judgment and "not . . . a hybrid motion." (*Id.*)

On December 19, 2017, Defendants filed a motion, presently pending before the Court, seeking partial summary judgment dismissing Dorval's medical-negligence claims for failure to timely provide an affidavit of merit under § 2A:53A-27. (ECF No. 63.) Dorval filed an

opposition to the motion on January 11, 2018, (ECF No. 65), and Defendants filed a reply the same day, (ECF No. 64).

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 permits a court to award a party summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if supported by evidence such that a reasonable jury could return a verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kaucher v. County of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006). A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See Anderson*, 477 U.S. at 248; *Kaucher*, 455 F.3d at 423. In determining whether a genuine dispute of material fact exists, the Court must view the facts and all reasonable inferences drawn from those facts "in the light most favorable to the [non-movant]." *Matsushita*, 475 U.S. at 587.

A movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-movant then carries the burden to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Moreover, the non-movant may not rest upon the mere allegations or denials of the pleadings. *Id.* at 324; *Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254, 1258 (D.N.J. 1994), *aff'd* 67 F.3d 291 (3d Cir. 1995). The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. A mere "scintilla of evidence . . . will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. ANALYSIS

Defendants contend that summary judgment is warranted as to Dorval's medical-negligence claims, as he failed to file an affidavit of merit within 120 days of Defendants answering. (*See* Br. in Supp., ECF No. 63-6, at 3–6.) As explained by the Court of Appeals for the Third Circuit, New Jersey's affidavit-of-merit statute, § 2A:53A-27, was enacted as "'part of a tort reform package designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits.'" *Nuveen*, 692 F.3d at 290 (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003)). The affidavit-of-merit statute requires that,

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J. Stat. Ann. § 2A:53A–27. "For good cause shown, the Statute provides for one extension period of an additional 60 days contiguous to the initial 60-day period." *Nuveen*, 692 F.3d at 290.

The Third Circuit explained, "The penalty for not following the [affidavit-of-merit] Statute is severe. Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action.'" *Id.* at 290–91 (quoting N.J. Stat. Ann. § 2A:53A–29). The four limited exceptions are as follows: (i) where the defendant has failed to provide the plaintiff requested medical information, N.J. Stat. Ann. § 2A:53A-28; (ii) a narrow class of cases where professional negligence can be demonstrated as a matter of "common knowledge," *Hubbard ex rel. Hubbard v. Reed*, 168 N.J. 387, 396–97 (2001) (finding

that layperson could find professional negligence absent affidavit of merit where dentist pulled the wrong tooth); (iii) where the plaintiff has substantially complied with the affidavit-of-merit requirement, *Alan J. Cornblatt, P.A. v. Barow*, 153 N.J. 218, 239–40 (1998); or (iv) where the plaintiff can show "extraordinary circumstances" that warrant equitable relief, *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 151–52 (2003). *See also Nuveen*, 692 F.3d at 291 n.13.

There is no dispute in this case that the affidavit-of-merit statute applies to Defendants.[2] Furthermore, it is undisputed that no affidavit of merit was timely provided. Defendants filed their Amended Answer, which contained a demand that Plaintiff file an affidavit of merit for any claims of medical negligence, well over three years ago. (ECF No. 13 at 6.) Dorval's opposition does not dispute that he has failed to provide the required affidavit of merit, and he does not raise any of the four exceptions to the affidavit-of-merit statute, instead focusing exclusively on his Eighth Amendment claims.[3] (*See* ECF No. 65.) The Court further notes that Dorval's pro bono counsel wrote to the Court in February 2017 that he had engaged a neurological expert but was "unable to obtain Affidavits of Merit in support of Plaintiff's medical negligence claims." (*See* ECF No. 49.) Given Dorval's failure to provide any affidavit of merit under § 2A:53A-27, despite being allowed significant additional time to do so, his medical-negligence claims must be dismissed with prejudice. *See Nuveen*, 692 F.3d at 290–91; *Chamberlain v. Giampapa*, 210 F.3d 154, 158–63 (3d Cir. 2000).

---

[2] Defendants Ahsan and Nwachukwu are medical doctors, while defendant Ivery is a registered nurse. (*See* ECF No. 1 ¶ 4; Am. Answer, ECF No. 13, at 1; Br. in Supp., Exs. A–C, ECF No. 63-4.) The affidavit-of-merit statute specifically applies to licensed persons including physicians and registered professional nurses. N.J. Stat. Ann. §§ 2A:53A-26, -27.

[3] Those claims, sounding under 42 U.S.C. § 1983, are distinct from his medical-negligence claims, which are the only claims at issue on this motion.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment dismissing Dorval's medical-negligence claims, (ECF No. 63), is GRANTED, and those claims are dismissed with prejudice. The Court notes that Defendants have previously filed motions seeking dismissal of Dorval's Eighth Amendment claims, both of which were denied on procedural grounds. (*See* ECF Nos. 52 & 57.) If Defendants still intend to seek dismissal of those claims and have sufficient legal bases to do so, they should file a proper motion within 30 days from the date of the Order accompanying this Opinion. In the event Defendants do not seek to dismiss the remaining claims by way of motion, they should request that Magistrate Judge Bongiovanni set an initial scheduling conference under Federal Rule of Civil Procedure 16 and Local Civil Rule 16.1. In the meantime, the action will be administratively terminated for case-management purposes. An appropriate Order will be entered.

DATED: February 15, 2018                               /s/ Freda L. Wolfson
                                                       FREDA L. WOLFSON
                                                       United States District Judge