UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN DORVAL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ABU AHSAN, IHUOMA NWACHUKWA, AND DONIQUE IVERY<br><br>　　　　　Defendants. | Civil Action No. 14-3271 (FLW)<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

　　　This matter has been opened by the Court *sua sponte* based on Plaintiff Jean Dorval's ("Plaintiff") failure to communicate with the Court since March 26, 2018. For the reasons that follow, it is respectfully recommended that Plaintiff's claims be DISMISSED WITH PREJUDICE.

## Background and Procedural History

　　　On May 22, 2014, Plaintiff filed a complaint against Abu Ahsan, Ihuoma Nwachukwu, Donique Ivery, UMDNJ (UCHC), and the New Jersey Department of Corrections alleging violations of the Eighth Amendment under cruel and unusual punishment with deliberate indifference, deprivation of necessary medical care, medical negligence, and medical malpractice. (Docket Entry No. 1). After a *sua sponte* screening of the complaint, the District Court dismissed the claims against UMDNJ (UCHC) and the New Jersey Department of Corrections. (Docket Entry No. 2). On September 14, 2014, an order scheduling pretrial memorandum submission was entered. (Docket Entry No. 15). At Plaintiff's request, a revised scheduling order extending all deadlines by 60 days was entered on December 4, 2014. (Docket Entry No. 17).

On January 12, 2015, Defendants Abu Ahsan, Donique Ivery, and Ihuoma Nwachukwu ("Defendants") filed a motion to dismiss Plaintiff's claims of medical and nursing malpractice for failure to provide an affidavit of merit (Docket Entry No. 19) which was denied without prejudice on August 3, 2015 (Docket Entry No. 30). Defendants then filed a motion for partial summary judgment on September 11, 2015 (Docket Entry No. 34). In Its April 28, 2016 Opinion denying Defendant's motion for partial summary judgment without prejudice, the District Court appointed *pro bono* counsel for the limited purpose of assisting Plaintiff in obtaining the required affidavits of merit in support of his medical negligence claims against Defendants and gave Plaintiff sixty days from the date that *pro bono* counsel was appointed to file the affidavits of merit. (Docket Entry No. 39). *Pro bono* counsel was appointed on August 29, 2016. (Docket Entry No. 41). Plaintiff filed a motion for an extension of time to file the affidavits of merit on October 25, 2016 which was denied on January 30, 2017. (Docket Entry No. 46). On February 8, 2017, *Pro bono* counsel advised that he was unable to obtain Affidavits of Merit to support Plaintiff's negligence claim. (Docket Entry No. 49). *Pro bono* counsel's request to therefore be relieved as counsel was granted. *Id.*

Subsequently, Defendants then filed two motions to dismiss (Docket Entry Nos. 52 and 57). Those motions were denied without prejudice (Docket Entry Nos. 56 and 62). Defendants filed another motion for partial summary judgment on December 19, 2017. (Docket Entry No. 63). On February 15, 2018, the District Court granted Defendants' summary judgment motion and dismissed Plaintiff's medical negligence claims. (Docket Entry No. 67).

An amended scheduling order was entered on March 12, 2018. (Docket Entry No. 70). Plaintiff requested an extension of time to respond to Defendants' discovery demands. (Docket Entry No.71). The Court granted Plaintiff's request giving him until May 4, 2018 to respond to

Defendants' discovery demands. (Docket Entry No. 73).  Additionally, the parties were reminded that all discovery was to be conducted by July 12, 2018.  A status update regarding discovery was to be submitted by June 12, 2018.  *Id.*

On June 4, 2018, the Court was advised by Defendants that Plaintiff was released from East Jersey State Prison some time in the prior month. Defendants also stated that they have not been advised of Plaintiff's current contact information.  (Docket Entry No. 75).  On June 6, 2018, mail that was sent to Plaintiff from the Court was returned as undeliverable and stamped "Addressee Not at East Jersey State Prison".  (Docket Entry No. 76).   Plaintiff has not been in contact with this Court since March 26, 2018.  (Docket Entry No. 71).

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case.  *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty.  *Id*.  Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure

41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Plaintiff's claims with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** Plaintiff is personally responsible for his failure update his address with the Court, as well as his lack of contact with the Court for over four months. This decision was solely his own and he bears full responsibility for same. As such, the Court finds this factor to favor dismissal of Plaintiff's claims with prejudice.

2. **Prejudice to Defendant:** Defendants have been prejudiced by Plaintiff's failure to prosecute this matter. By failing to update his address with the Court and failing to communicate with he Court and opposing counsel for months, Plaintiff has abandoned his duty to prosecute his case. It is manifestly unjust that this case, which Plaintiff initiated, has remained stagnant for approximately four months because of Plaintiff's failure to appropriately prosecute this matter. Under these circumstances, Defendants cannot fairly defend this case. This is unacceptable and prejudicial to Defendants. The Court finds that this prejudice, which was caused by Plaintiff's failure to do that which was required of him, supports the dismissal of Plaintiff's claims with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Although Plaintiff has not contacted the Court for four months, Plaintiff did actively participate in the case prior to his release from East Jersey

State Prison, therefore, the Court does not find that Plaintiff has a history of dilatoriness. The Court finds that this factor does not support the dismissal of Plaintiff's claims with prejudice.

4. **Willfulness or Bad Faith:** The Court does not find that Plaintiff acted in bad faith, however, Plaintiff's failure to communicate with the Court for the past four months certainly establishes that Plaintiff's conduct has been willful. As a result, this factor further supports the dismissal of Plaintiff's claims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that there is no effective alternative sanction. The case cannot proceed without Plaintiff's participation. Under these circumstances, the Court finds that no lesser sanction than dismissal of his claims with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the proceedings to date, the Court finds it likely that there is some merit to Plaintiff's claims. As such, this particular factor militates against dismissing Plaintiff's claims with prejudice.

When the Court considers all of the *Poulis* factors set forth above, the Court finds that on balance they clearly support the dismissal of Plaintiff's claims with prejudice. Plaintiff voluntarily filed this case. After doing so, he has failed to take the steps necessary to move this case forward. In fact, despite being given every opportunity to litigate his claims, Plaintiff has elected to no longer participate in the case he initiated. As a result, this Court respectfully recommends that Plaintiff's claims be dismissed with prejudice.

## Conclusion

The Court having given consideration to the *Poulis* factors;

IT IS on this 6th day of August, 2018,

RECOMMENDED that Plaintiff's claims be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, including Plaintiff, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file his specific written objections.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**