UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEAN DORVAL,

    Plaintiff,

v.

ABU AHSAN et al.,

    Defendants.

Civ. No. 14-3271 (FLW) (TJB)

**ORDER**

**THIS MATTER** having been opened to the Court based upon the August 6, 2018 Report and Recommendation of United States Magistrate Judge Tonianne J. Bongiovanni (the "Magistrate Judge"), which recommended that this action be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), due to the failure of Plaintiff Jean Dorval ("Plaintiff"), to prosecute or otherwise participate in this case; it appearing that, pursuant to Federal Rule of Civil Procedure 72(b)(2), parties "may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge within "14 days after being served with a copy of the recommended disposition," FED. R. CIV. P. 72(b)(2); it appearing that, where a party timely objects to the report and recommendation of a magistrate judge, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3); it appearing that, where "a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court," *Equal Employment Opportunity Comm'n v. City of Long Branch*, No. 16-2514, 2017 WL 3273407, at *4 (3d Cir. Aug. 2, 2017); *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); it appearing further, however, that, because the "authority and the responsibility to make an informed, final

determination" remains with the district court judge, *Mathews v. Weber*, 423 U.S. 261, 271 (1976), the Third Circuit has directed that, even where a party does not timely object to a report and recommendation, the district court must "afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); it appearing that, the Third Circuit has "described this level of review as 'reasoned consideration,'" *Equal Employment Opportunity Comm'n*, 2017 WL 3273407 at * 4 (quoting *Henderson*, 812 F.2d at 878); it appearing that, in the instant action, Plaintiff has failed to timely object to the Magistrate Judge's Report and Recommendation, and therefore, the Court applies the "reasoned consideration" standard of review to the Magistrate Judge's Report and Recommendation; it appearing that, pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute, *see Iseley v. Bitner*, 216 Fed. Appx. 252, 254-55 (3d Cir. 2007), but courts must balance six factors to determine whether dismissal with prejudice is appropriate: "(1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense," *Poulis v. State Farm Fire & Cas. Co.*, 474 F.2d 863, 868 (3d Cir. 1984) (emphasis in original); it appearing that, in her Report, the Magistrate Judge gave thorough consideration to each of the *Poulis* factors, and found that, on balance, these factors weighed in favor of dismissing this action with prejudice, based on Plaintiff's failure to communicate with opposing counsel and the Court over the course of several months; accordingly, the Court, having reviewed the Magistrate Judge's Report and Recommendation, for substantially the same reasons stated therein, and for good cause shown,

**IT IS** on this 24th day of August, 2018,

**ORDERED** that the Magistrate Judge's Report and Recommendation, dated August 6, 2018, is hereby **ADOPTED**; and it is further,

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** for failure to prosecute; and it is further,

**ORDERED** that the Clerk of the Court shall **CLOSE** the file in this matter; and it is further,

**ORDERED** that the Clerk of the Court shall serve this Order on Plaintiff by regular U.S. mail.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge
